Frost, J.
delivered the opinion of the Court.
The action is founded on the joint contract of sale, laid in the declaration. The joiut contract is essential to the joint warranty of the sale of the boat; and requires strict proof, in whatever form of action the plaintiff may sue. In Patton et al. v. Magrath et al., Rice’s Rep. 162, it was held that when the liability of the defendants is created or arises out of a joint contract, whether the declaration be in assumpsit or in case ex quasi contractu, the result will be the same, and the general and well settled rules of pleading and evidence will apply. The plaintiff must sue all the joint contracting parties, or the defendants may plead in abatement. He must sue, in the same actions, only the joint contracting parties, or he will fail at the trial. That decision is supported by Powell v. Layton, and Max v. Roberts, 2 Bos. and Pull. N. R. and Neal v. Jones, 12 Bast, which have since been followed in the English Courts.—1 Chit. Plead. 86.
The evidence not only fails to establish the joint sale by the defendants, but directly contradicts the fact. The verdict of the jury, which finds Fryer guilty and Bird not guilty, is conclusive. On the record, then, it is manifest that the plaintiff has no cause of action, and a non-suit is granted.
Richardson, J. O’Neall, J. Evans, J. and Wardlaw, J. concurred.
Withers, J. absent, from indisposition.
Motion granted>